**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | No. 08-03105-01/11-CR-S-DGK |
| ) | |
| Plaintiff, ) | **COUNT ONE**: |
| ) | 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A) |
| v. ) | NLT 10 Years/NMT Life Imprisonment |
| ) | NMT $4,000,000 Fine |
| **JASON D. CLARK** ) | NLT 5 Years Supervised Release |
| [DOB: 03-20-1970], ) | Class A Felony |
| ) | |
| **MONICA L. MCBRIDE,** ) | **COUNT TWO**: |
| [DOB: 09-11-1963, ) | 21 U.S.C. § 841(a)(1) and (b)(1)(B) |
| ) | NLT 5 Years/NMT 40 Years Imprisonment |
| **LINDA M. PENDERGRASS,** ) | NMT $2,000,000 Fine |
| [DOB: 09-13-1966], ) | NLT 4 Years Supervised Release |
| ) | Class B Felony |
| **KELLEY J. CONKLIN**, ) | |
| [DOB: 08-29-1969], ) | **COUNTS THREE and SIX through** |
| ) | **THIRTEEN** |
| **RONALD E. BRYANT**, ) | 21 U.S.C. § 843(b) and (d) |
| [DOB: 05-05-1969], ) | NMT 4 Years Imprisonment |
| ) | NMT $250,000 Fine |
| **CARRIE L. COX**, ) | NMT 1 Years Supervised Release |
| [DOB: 09-05-1975], ) | Class E Felony |
| ) | |
| **JEREMY D. BATSON**, ) | **COUNT FOUR**: |
| [DOB: 07-02-1976], ) | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| ) | NMT 20 Years Imprisonment |
| **NIKKI S. MILSAP**, ) | NMT $1,000,000 Fine |
| [DOB: 09-14-1979], ) | NLT 3 Years Supervised Release |
| ) | Class C Felony |
| **DAWN M. PARENTEAU**, ) | |
| [DOB: 08-25-1976], ) | **COUNT FIVE**: |
| ) | 21 U.S.C. § 841(a)(1) and (b)(1)(A) |
| **JOHN TRAVIS ROGERS**, ) | NLT 10 Years/NMT Life Imprisonment |
| [DOB: 06-13-1976], ) | NMT $4,000,000 Fine |
| ) | NLT 5 Years Supervised Release |
| **CORA R. WADE**, ) | Class A Felony |
| [DOB: 02-14-1968], ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

| Defendants/Counts | | |
|---|---|---|
| CLARK: 1, 3, 5, 6, 14, 15, 16 and Forfeiture | ) | **COUNT FOURTEEN** |
| MCBRIDE: 1 and 2 | ) | 18 U.S.C. § 1956 (h) |
| PENDERGRASS: 1 | ) | NMT 20 Years Imprisonment |
| CONKLIN: 4 | ) | NMT $500,000 Fine |
| BRYANT: 1and 7 | ) | NMT 3 Years Supervised Release |
| COX: 1 and 8 | ) | Class C Felony |
| BATSON: 1and 9 | ) | |
| MILSAP: 1and 10 | ) | **COUNT FIFTEEN** |
| PARENTEAU: 1 and 11 | ) | 18 U.S.C. § 1956 (h) |
| ROGERS: 1 and 12 | ) | NMT 20 Years Imprisonment |
| WADE: 1 and 13 | ) | NMT $500,000 Fine |
| | ) | NMT 3 Years Supervised Release |
| | | Class C Felony |

**COUNT SIXTEEN**
18 U.S.C. § 1956 (h)
NMT 20 Years Imprisonment
NMT $500,000 Fine
NMT 3 Years Supervised Release
Class C Felony

**FORFEITURE ALLEGATION**

$100 Mandatory Special Assessment (All Counts)

# S U P E R C E D I N G  I N D I C T M E N T

**THE GRAND JURY CHARGES THAT**:

## COUNT ONE

Beginning on or about May, 2007, and continuing to on or about August 22, 2008 in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JASON D. CLARK, MONICA L. MCBRIDE, LINDA M. PENDERGRASS, RONALD E. BRYANT, CARRIE L. COX, JEREMY D. BATSON, NIKKI S. MILSAP, DAWN M. PARENTEAU, JOHN TRAVIS ROGERS, and CORA R. WADE, defendants, did knowingly and intentionally conspire and agree with each other and with other persons known and unknown to the Grand Jury, to distribute in excess of 500 grams of a mixture or substance containing a detectable

2

amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841 (a)(1) and (b)(1)(A).

## COUNT TWO

On or between July 17, 2008 and July 18, 2008, in Greene and Christian Counties, in the Western District of Missouri, MONICA L. MCBRIDE, the defendant, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841 (a)(1) and (b)(1)(B).

## COUNT THREE

On or about July 25, 2008, in Christian County, in the Western District of Missouri, and elsewhere, JASON D. CLARK, the defendant, did knowingly and intentionally use a communication facility; to wit: the United Parcel Service, to facilitate the distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT FOUR

On or about August 8, 2008, in Christian County, in the Western District of Missouri, KELLEY J. CONKLIN, the defendant, aiding and abetting others, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FIVE

3

On or about August 22, 2008, in Christian County, in the Western District of Missouri, JASON D. CLARK, the defendant, did knowingly and intentionally attempt to possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841 (a)(1) and (b)(1)(A).

## COUNT SIX

On or about August 22, 2008, in Christian County, in the Western District of Missouri, and elsewhere, JASON D. CLARK, the defendant, did knowingly and intentionally use a communication facility; to wit: the United Parcel Service, to facilitate the distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT SEVEN

On or about August 18, 2008, in the Western District of Missouri, and elsewhere, RONALD E. BRYANT, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT EIGHT

On or about July 15, 2008, in the Western District of Missouri, and elsewhere, CARRIE

4

Case 6:08-cr-03105-BCW   Document 50   Filed 11/19/08   Page 4 of 12

L. COX, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

### COUNT NINE

On or about June 25, 2008, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JEREMY D. BATSON, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

### COUNT TEN

On or about June 10, 2008, in Christian County, in the Western District of Missouri, and elsewhere, NIKKI S. MILSAP, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

### COUNT ELEVEN

On or about July 14, 2008, in Christian County, in the Western District of Missouri, and elsewhere, DAWN M. PARENTEAU, the defendant, did knowingly and intentionally use a

communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT TWELVE

On or about August 18, 2008, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JOHN TRAVIS ROGERS, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT THIRTEEN

On or about August 17, 2008, in Christian County, in the Western District of Missouri, and elsewhere, CORA R. WADE, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT FOURTEEN

Beginning on or about May, 2007, and continuing to on or about August 22, 2008 in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JASON D. CLARK, defendant, did knowingly and intentionally combine, conspire, confederate, and agree

6

with others both known and unknown to the Grand Jury, to commit certain offenses against the United States as follows:

(1) Knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the deposit, withdrawal, transfer of funds, and exchange of currency which involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of methamphetamine, with the intent to promote the carrying on of specified unlawful activity, to wit: the unlawful distribution of methamphetamine, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is funds represented the proceeds of some form of unlawful activity;

(2) Knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the deposit, withdrawal, transfer of funds, and exchange of currency which involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of methamphetamine, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is, funds, represented proceeds of some form of unlawful activity; and,

## OVERT ACTS

In furtherance of the conspiracy to commit money laundering, the defendant committed the following overt acts which affected the object of the conspiracy:

1. During the time frame of the conspiracy, JASON D. CLARK, defendant, obtained methamphetamine for the purpose of redistributing that methamphetamine to MONICA L.

7

McBRIDE and LINDA M. PENDERGRASS, codefendants, and others in Greene and Christian Counties and elsewhere.

2. When defendant JASON D. CLARK sold methamphetamine he received United States currency which he reinvested in the conspiracy to distribute methamphetamine by providing it to his sources of supply, in order to pay for the methamphetamine previously supplied and to obtain more methamphetamine to distribute.

3. On or about November 6, 2007, in Lawrence County, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of at least $205,000 in United States Currency, which included the proceeds of a specified unlawful activity, that is, knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, and that, JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, to wit: using the transferred funds to pay for methamphetamine.

4. On or about July 25, 2008, in Christian County, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer by UPS of approximately $84,000 in United States currency, to his source of supply in California, which included the proceeds of a specified unlawful activity, that is, the knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, and that JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on the specified unlawful activity, to wit: using the transferred funds to pay for methamphetamine, or knowing the transaction was designed, in whole or in part, to conceal the nature, the location, the source, the ownership, or

the control of the proceeds of the specified unlawful activity, to wit: the knowing and intentional distribution of methamphetamine, a Schedule II controlled substance.

The defendant committed the above acts with the intent to promote the carrying on of the conspiracy to distribute methamphetamine and to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the distribution of methamphetamine, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and (a)(1)(B)(I), all in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTEEN

On or about July of 2008, in Greene and Christian Counties, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of $13,000 in United States currency to Lonnie Littles for the purchase of a dirt sifter, which he knew involved the proceeds of a specified unlawful activity, that is, knowing and intentionally, conspiring and agreeing with other persons, to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as charged in Count One, and that, JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction knowing that the transaction was designed in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, to wit: the distribution of methamphetamine, all in violation of Title 18, United States Code, Section 1956 (a)(1)(B)(I).

## COUNT SIXTEEN

On or about July of 2008, in Greene and Christian Counties, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of $10,500 in United States currency to Joseph Johnson for the purchase of a 1999 Ford pickup truck, which he knew involved the proceeds of a specified unlawful activity, that is, the knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and that JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, to wit: using the 1999 Ford pickup truck to distribute methamphetamine and/or to collect drug debts on June 25, 2008, all in violation of Title 18, United States Code, Section 1956 (a)(1)(B)(I).

## FORFEITURE ALLEGATION

(Jason Clark)

The allegations contained in Counts One and Four are hereby incorporated as though fully set forth herein for the purpose of charging criminal forfeiture to the United States of America pursuant to Title 21, United States Code, Section 853.

As a result of being convicted of an offense in violation of Title 21, United States Code, Section 846 and 841(a)(1), as charged in Count One, and being convicted of an offense in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Four, the defendant Jason Clark, shall forfeit to the United States all property, real and personal, involved in the aforesaid offense and all property representing proceeds of that offense, that is,

    1.    $152,110.00 in United States currency seized on March 25, 2008;

10

2.  $85,100.00 in United States currency seized from the UPS Package on August 23, 2008;

3.  $95,661.00 in United States currency seized from Jason Clark's residence on August 23, 2008;

4.  One black Chevrolet Camaro, VIN unknown, license plate unknown;

5.  One 1999 Green BMW Sedan, VIN # WBAGG8337XDN74254;

6.  One Blue Chevrolet Corvette, VIN #1G1YY12S035120199, license plate unknown;

7.  One White Ford dually pick up truck, VIN #1FTWW33F3XEA76822;

8.  One 2000 Silver Jaguar, VIN # SAJDA01C7YFL58858;

9.  One 2006 Suzuki Motorcycle, VIN #JS1GT76A362104228;

10. One 1992 Cat 953 Crawler Loader (Bulldozer), Serial #20Z4453;

11. One 1987 Kenworth T 600 (Dump Truck), VIN #1XKAD29X2HJ348378;

12. One 2002 TK 40 Trailer LP 3200, VIN #1TKC032262MO61323; and

13. One Dirt Sifter purchased from Lonnie Littles in July of 2008.

If any of the above-described forfeited property, as a result of any act or omission of the defendant:

1.  cannot be located upon the exercise of due diligence;

2.  has been transferred, sold to, or deposited with, a third person;

3.  has been substantially diminished in value; or

4.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable

11

property; all in violation of Title 21, United States Code, Section 853.

**A TRUE BILL**

/s/
FOREPERSON OF THE GRAND JURY


*/s/ Gary K. Milligan*
Gary K. Milligan
Assistant United States Attorney


DATED: November 19, 2008