```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF MISSOURI
                         SOUTHERN DIVISION

UNITED STATES OF AMERICA,    ) Case No. 08-03105-02-CR-S-DGK
                             )
         Plaintiff,          ) Springfield, Missouri
                             ) December 3, 2008
v.                           )
                             )
MONICA McBRIDE,              )
                             )
         Defendant.          )
_____)

           TRANSCRIPT OF HEARING ON CHANGE OF PLEA
             BEFORE THE HONORABLE JAMES C. ENGLAND
               CHIEF UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:           Timothy Garrison, Esq.
                             AUSA
                             901 St. Louis St., Ste. 500
                             Springfield, MO  65806
                             (417) 831-4406

For the Defendant:           Ann Koszuth, Esq.
                             Federal Public Defender's Off.
                             901 St. Louis St., Ste. 801
                             Springfield, MO 65806
                             (417) 871-9022

Court Audio Operator:        Ms. Glenda Elayer

Transcribed by:              Rapid Transcript
                             Lissa C. Whittaker
                             1001 West 65th Street
                             Kansas City, MO  64113
                             (816) 822-3653

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

(Court in Session at 2:11 p.m.)

THE COURT: Ms. McBride, you've also signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of any plea of guilty and sentencing. Even though you've signed this consent, you've got a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the Government establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be present, to be represented by counsel. You have a right to confront and cross-examine witnesses. You have a right to subpoena evidence, and you have a right to testify or not testify, as you would choose. And if you chose not to testify, it would not be held against you because that is your right. If, after understanding the charge against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish, you may waive or give up that right and proceed this afternoon before the Magistrate Judge. Do you understand, ma'am, that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MS. MCBRIDE: Yes, I do.

1     THE COURT: And is it your desire to give up that right
2  and proceed this afternoon before the Magistrate Judge?
3     MS. MCBRIDE: Yes.
4     THE COURT: Do you understand the charge against you in
5  Count One of the Indictment in this case?
6     MS. MCBRIDE: Yes, I do.
7     THE COURT: Do you understand that if convicted of the
8  charge in Count One, that the minimum penalty the court may
9  impose is two years imprisonment, while the maximum the court may
10 impose is not more than life, a $4 million fine. There is a
11 minimum five years supervised release term and a maximum life
12 supervised release term and a $100 mandatory penalty assessment.
13 Do you understand that?
14    MS. MCBRIDE: Yes, I do.
15    THE COURT: The plea bargain agreement on page 3 reads
16 incorrectly. And I'm going to change that to show -- I'm just
17 going to put an NLT, not less than five years supervised release.
18 And then an NMT, not more than life term of supervised release,
19 which is correctly stated on page 4 and on the record. I just
20 want the record to reflect that. And you understand that, Ms.
21 McBride?
22    MS. MCBRIDE: Yes.
23    THE COURT: To the charge contained in Count One, how do
24 you wish to plead, guilty or not guilty?
25    MS. MCBRIDE: Guilty.

1         THE COURT: Would you raise your right hand, please?

2                MONICA MCBRIDE, DEFENDANT, SWORN

3         THE COURT: Has anyone made any threat of any kind to

4 force you to plead guilty or to give up any of the other rights

5 we have discussed this afternoon?

6         MS. MCBRIDE: No, sir.

7         THE COURT: You have signed a plea agreement and a

8 supplement to that agreement. Have you gone over those with Ms.

9 Koszuth?

10        MS. MCBRIDE: Yes.

11        THE COURT: And do you understand what's in it?

12        MS. MCBRIDE: Yes, I do.

13        THE COURT: Other than what's contained in the plea

14 agreement or the supplement to the agreement, has anyone made any

15 promise of any kind to induce you or overcome your will to get

16 you to plead guilty or to give up any of the other rights we've

17 discussed?

18        MS. MCBRIDE: No, sir.

19        THE COURT: I mentioned to you there was a supervised

20 release term of not less than five years, not more than life,

21 that could be imposed in your case. Do you understand that if

22 that term were imposed and then revoked for any reason, that you

23 could be required to serve an additional term of imprisonment of

24 not more than five years, and if that happened, you would receive

25 credit for any other time you'd spent either in custody or on

1  release?

2  MS. MCBRIDE: Yes.

3  THE COURT: Do you understand the court could then
4  impose an additional term of supervised release, which would be
5  governed by the maximum of the statute minus any time you'd spent
6  in custody as a result of a violation?

7  MS. MCBRIDE: Yes, sir.

8  THE COURT: Do you understand that from a sentence
9  imposed in your case that there is no parole?

10  MS. MCBRIDE: (No audible response).

11  THE COURT: You have to --

12  MS. MCBRIDE: Yes, I do.

13  THE COURT: Okay. Do you understand that there are
14  Sentencing Guidelines to which the court will refer in an
15  advisory capacity when attempting to fashion a reasonable
16  sentence in your case?

17  MS. MCBRIDE: Yes, I do.

18  THE COURT: There are guideline calculations in your
19  plea agreement and supplement to that agreement. Have you gone
20  over those with Ms. Koszuth?

21  MS. MCBRIDE: Yes, I have.

22  THE COURT: And do you understand them?

23  MS. MCBRIDE: Yes, I do.

24  THE COURT: Do you understand the final decision as to
25  how guidelines are calculated and ultimately what sentence will

1  be imposed rests with the District Judge?

2  MS. MCBRIDE: Yes, I do.

3  THE COURT: If the District Judge would calculate the
4  guidelines differently from what's in the plea agreement, the
5  supplement to that agreement or from what you've discussed with
6  Ms. Koszuth, that fact would not give you the right to withdraw
7  your plea of guilty.

8  MS. MCBRIDE: Yes.

9  THE COURT: Do you understand that once the judge does
10 establish the guideline range, in certain circumstances you,
11 could be sentenced above that range, but in other circumstances,
12 below that range. And again, the judge's decision, should you
13 disagree, would not give you the right to withdraw your plea of
14 guilty. Do you understand that?

15 MS. MCBRIDE: Yes, I do.

16 THE COURT: You have a right to a trial by jury with the
17 protections that I explained to you at the beginning of these
18 proceedings. Do you understand your right to a trial by jury?

19 MS. MCBRIDE: Yes, I do.

20 THE COURT: Do you understand that if you plead guilty
21 there won't be a trial?

22 MS. MCBRIDE: Yes, I do.

23 THE COURT: I'm going to ask you about the offense
24 charged in Count One of the Indictment. You're under oath. You
25 must answer truthfully. Any false answers could result in

1  charges of false swearing or perjury.  You always have the right
2  to remain silent.  I want to refer you to your plea bargain
3  agreement, which is before you, on page 2, Section 3 of that
4  agreement, which is entitled "Factual Basis for Guilty Plea,"
5  there are three substantive paragraphs.  Have you read those and
6  gone over them with Ms. Koszuth?
7           MS. MCBRIDE:  Yes, I have.
8           THE COURT:  And do you understand what's stated therein?
9           MS. MCBRIDE:  Yes, I do.
10          THE COURT:  And are the statements in the Factual Basis
11 true?
12          MS. MCBRIDE:  Yes.
13          THE COURT:  And do you adopt those statements as your
14 own?
15          MS. MCBRIDE:  Yes.
16          THE COURT:  Ms. Koszuth, you've looked at the discovery
17 of the United States.  Are you satisfied if put to proof that the
18 Government could establish the elements that are set out in
19 Section 3?
20          MS. KOSZUTH:  Yes, I do, Your Honor.
21          THE COURT:  There is an adequate factual basis for the
22 plea of guilty in this matter.  Ms. McBride, you're represented
23 in this case by Ms. Koszuth.  Have you had enough time to talk
24 with her about your case?
25          MS. MCBRIDE:  Yes, I have.

1  THE COURT: Are you satisfied with the advice that she
2 has given you?
3  MS. MCBRIDE: Yes, Your Honor.
4  THE COURT: The law requires me to ask you if this
5 afternoon you're on any medication prescribed by a doctor or any
6 drugs or alcohol of any kind which would affect your ability to
7 understand these proceedings?
8  MS. MCBRIDE: No, Your Honor.
9  THE COURT: The plea bargain agreement that you have
10 signed has what we refer to as an appeal waiver. And it provides
11 that you acknowledge, understand and agree that by pleading
12 guilty pursuant to the plea agreement that you waive your right
13 to appeal now or collaterally attack later a finding of guilt
14 following the acceptance of the plea agreement. That you
15 expressly waive your right to appeal your sentence directly now
16 or collaterally later on any ground except a sentence imposed in
17 excess of the statutory maximum or an illegal sentence, that is,
18 a sentencing error more serious than a misapplication of the
19 Sentencing Guidelines, an abuse of discretion or the imposition
20 of an unreasonable sentence. However, if the United States
21 exercised its right to appeal, you would be released from the
22 waiver and could appeal as allowed by law. Do you understand
23 that by signing this plea agreement that you have given up those
24 rights to appeal?
25  MS. MCBRIDE: Yes, I do.

1  THE COURT: Understanding that and the other matters
2 that we have discussed this afternoon, is it your desire for the
3 Court to accept your plea of guilty?
4  MS. MCBRIDE: Yes, it is, Your Honor.
5  THE COURT: Mr. Garrison, on behalf of the United
6 States, is there any other record that you feel I need to make
7 under Rule 11?
8  MR. GARRISON: No, Your Honor. Thank you.
9  THE COURT: Ms. Koszuth, is there any other record under
10 Rule 11 that you want me to make?
11  MS. KOSZUTH: No, Your Honor.
12  THE COURT: I will then recommend the plea of guilty be
13 accepted, and I'll order a Presentence Investigation to be
14 conducted by the Probation Office. I would ask, Mr. Garrison,
15 that you or Mr. Milligan, whoever causes this plea bargain to be
16 filed, if you'd make the change that I read on the record?
17  MR. GARRISON: Yes, Your Honor.
18  THE COURT: Okay. With that, we'll be in recess.
19            (Court Adjourned at 2:20 p.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

<u>/s/ Lissa C. Whittaker</u>     <u>December 5, 2008</u>
Signature of transcriber            Date